[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 28, 2010
JOHN LEY
CLERK

No. 09-12158
Non-Argument Calendar

_____

Agency No. A098-378-106

MARIE ROSE CHERY,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 28, 2010)

Before EDMONDSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Marie Rose Chery petitions for review of the Board of Immigration Appeals' (BIA) denial of her motion to reopen her removal proceedings. The issue on appeal is whether the BIA abused its discretion by denying Chery's motion to reopen. After review, we deny Chery's petition for review.[1]

Chery argues the BIA abused its discretion by denying her motion to reopen because the affidavits she submitted from her and her husband constituted new circumstances under 8 C.F.R. § 1003.2(c)(1). She contends the affidavits show her circumstances changed after her asylum hearing because she located her husband, who did not attend her asylum hearing, and because she did not previously know her husband needed to testify. She asserts her husband's testimony would have corroborated the persecution that was central to her claim. She also asserts the BIA did not properly consider the evidence submitted in her motion to reopen.

An alien may file one motion to reopen, which "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(A), (B). "A motion to reopen proceedings shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material and was not available and

_____

[1] We review the denial of a motion to reopen for abuse of discretion, and our review is limited to "determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006) (quotation marks omitted).

could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). The moving party "bears a heavy burden, and must present evidence of such a nature that the BIA is satisfied that if proceedings before the IJ were reopened, with all attendant delays, the new evidence offered would likely change the result in the case." *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 813 (11th Cir. 2006) (quotation marks omitted). Evidence is "new" if it "was unavailable or could not have been presented at [the applicant's] former hearing" before an IJ. *Verano-Velasco v. U.S. Att'y Gen.*, 456 F.3d 1372, 1377 (11th Cir. 2006).

The only new facts Chery submitted were affidavit-declarations from her and her husband explaining why he could not appear at her asylum hearing. Chery did not present any information demonstrating why this information was not available at the time of her asylum hearing. Because the evidence concerning her husband's travel problems, and the testimony he would have provided, was previously available to Chery, the affidavit-declarations she presented in her motion to reopen did not constitute new or unavailable evidence. Furthermore, Chery has failed to establish that the testimonial evidence her husband would have provided was material and would likely have changed the result in her case. Accordingly, the BIA did not abuse its discretion by denying her motion to reopen.

**PETITION DENIED.**

3